IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK THOMAS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-897-JPG |
| ) | |
| C/O REICHERT, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frank Thomas, a pretrial detainee at the Madison County Jail in Illinois, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 2). The sole claim in this case was severed from Thomas's original complaint, filed in Case No. 15-cv-00988-NJR-DGW. This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Thomas alleges that Defendant Reichert violated his First Amendment rights and acted in retaliation by shaking down his cell, seizing some of his property, and punishing him with 48 hours in segregation.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Thomas's claims against Defendant Reichert are insufficient to proceed beyond the screening phase at this juncture.

### The Complaint

Appended to his complaint, Thomas included an affidavit wherein he alleged acts of retaliation taken by Defendant Reichert (Doc. 2-3 at 3). Specifically, Thomas indicated that he and Reichert engaged in a verbal confrontation that included cussing (*Id.*). Following the confrontation, Reichert shook down his cell, seized some of his personal property, and assessed 48 hours of lockdown (*Id.*). Thomas alleges that these consequences were retaliatory (*Id.*).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

The Court is using the same designation of counts set forth in its previous severance order, thus the pertinent count is:

**Count 7:** Reichert retaliated against plaintiff for cursing and using profanity by shaking down his cell in October 2015.

**Count 7**

In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). As stated above, the inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

Without expressing any opinion on the merits of Thomas's allegations about his interaction with Reichert, this Court finds that it is appropriate to dismiss Count 7 against Reichert because Thomas failed to list Reichert as a defendant in the caption of the case or the list of defendants. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (for an individual to be considered a party he must be specified in the caption). If Thomas wishes to bring a retaliation claim against defendant Reichert, he will need to amend his complaint consistent with Federal Rule of Civil Procedure 15. Rule 15 permits amendment one time "as a matter of course" within "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The Court expresses no opinion as to the merits of such a claim.

**Disposition**

**IT IS HEREBY ORDERED** that Thomas's Complaint (Doc. 2) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Thomas is **GRANTED** leave to file his "First Amended Complaint" within thirty-five days (**on or before October 7, 2016**). Should Thomas fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Thomas's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Thomas decide to file an amended complaint, it is strongly recommended that he use the forms designed for such use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action. The amended complaint shall present each claim in a separate count, and each count shall specify, by name, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Thomas should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Thomas should refrain from filing unnecessary exhibits. Thomas should include only related claims in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Thomas to comply with this order, the Clerk is **DIRECTED** to mail Thomas a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the "First Amended Complaint" must stand on its own, without reference to any previous pleading, and Thomas must re-file any exhibits he wishes the Court to consider along with the amended pleading. The "First Amended Complaint" is also subject to review pursuant to 28 U.S.C. § 1915A.

Thomas is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Thomas elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Thomas is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: September 1, 2016**

                                               *s/J. Phil Gilbert*
                                               United States District Judge